IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:07-cr-165-MHT |
| ) | |
| ANDREAS JEJUAN SMITH ) | |

UNITED STATES' RESPONSE TO MOTION TO SEVER COUNTS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files the instant Response to Defendant Andreas Jejuan Smith's Motion to Sever Counts. (Doc. # 16.) For the reasons set forth below, the United States submits that the motion to sever counts should be denied.

**I. BACKGROUND**

Defendant is charged in a four-count indictment with robbing a bank, shooting at federal officers, using a firearm in furtherance of a crime of violence, and possessing a firearm after having been previously convicted of a felony. Count One of the Indictment alleges that Defendant, on June 22, 2007, "knowingly and willlfully [took] by force and violence and intimidation . . . money, belonging to and in the care, custody, control, management, and possession of Compass Bank located at 3408 Eastern Boulevard, Montgomery, Alabama, . . . in violation of Title 18, United States Code, Section 2113(a)." (Doc. # 3.) Count Two of the Indictment alleges that Defendant, on July 20, 2007, "knowingly and by means and use of a deadly or dangerous weapon," forcibly assaulted "Deputies of the United States Marshals Service, while they were engaged in and on account of the performance of their official duties, in violation of Title 18, United States Code, Section 111(b)." (*Id*.) Count Three of the Indictment alleges that, on that same date in July 2007, Defendant

"knowingly used and carried a firearm during and in relation to and possessed a firearm in furtherance of, a crime of violence for which he may be prosecuted in a court of the United States, to-wit: forcibly assaulting a federal officer with use of a deadly weapon as charged in Count 2 . . . in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii)." (*Id.*) Finally, Count Four of the Indictment alleges that Defendant, on July 20, 2007, after having been previously convicted twice for the felony of receiving stolen property, "knowingly and willfully possess[ed] a firearm, in and affecting commerce, that is a loaded Smith & Wesson, .40 caliber semi-automatic handgun . . . in violation of Title 18, United States Code, Section 922(g)(1)." (*Id.*)

## II.  ARGUMENT

A. **The Court Should Deny Defendant's Motion Because Joinder of the Offenses in the Indictment is Proper under Federal Rule of Criminal Procedure 8(a).**

Joinder of the offenses in the indictment is proper in this case because the charges "are connected with or constitute parts of a common scheme or plan." *See* Fed. R. Crim. P. 8(a). Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> **Joinder of Offenses**.  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or *are connected with or constitute parts of a common scheme or plan*.

Fed. R. Crim. P. 8(a) (emphasis added).  Under Rule 8, joinder "requires only that the government 'allege,' not prove, the facts necessary to sustain joinder." *United States v. Dominguez*, 226 F.3d 1235, 1241 n.8 (11th Cir. 2000) (citation omitted).  "Rule 8 is construed broadly in favor of the initial joinder." *Id*. at 1238.

When faced with a Rule 8 motion to sever, if the indictment on its face is insufficient to show

proper joinder, the prosecution may proffer evidence showing a sufficient connection between the charges. *Dominguez*, 226 F.3d at 1241. Only if the indictment fails to show and the prosecutor fails to proffer a sufficient basis in the expected evidence to justify joinder, should a severance be ordered. *Id*. "Regardless of whether both sets of charges involved the presentation of the same evidence, the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes." *Id*. at 1239.

In this case, joinder of the offenses in the indictment is proper because the bank robbery offense provided the impetus for the forcible assault on the Deputy Marshals and the other resulting firearms offenses. The United States proffers that the evidence at trial will show that Defendant's conduct of robbing the bank was the motive for shooting at the Deputy Marshals when they attempted to arrest him on the state arrest warrant[1] for the bank robbery. (*See* Doc. # 1, Compl.) Proof of the bank robbery charge provides the motive and necessity for the firearm-related charges, to wit: Defendant shot at the Deputy Marshals in an attempt to resist arrest for the bank robbery charge. The evidence at trial will show that Defendant knew there was an arrest warrant for him for the bank robbery and knew that law enforcement was attempting to locate him. (Ex. 1.) Accordingly, the United States submits that said proffer shows the propriety of joinder under Rule 8(a) as the charged offenses were acts or transactions connected together or constituting parts of a common scheme or plan. Defendant's motion to sever should therefore be denied.

---

[1] The arrest warrant was issued on July 2, 2007, because Defendant was charged by the Montgomery District Court with violation of Section 13A-8-41, Code of Alabama 1975, Robbery First Degree. (Doc. # 1, Compl., Aff.) According to the arrest warrant, on June 22, 2007, at 10:15 a.m., Defendant entered Compass Bank, located at 3408 Eastern Boulevard, Montgomery, Alabama, and produced a note to the teller stating "this is a robbery." (*Id.*) Defendant then stated he had a weapon and robbed the bank of assorted U.S. Currency. (*Id.*)

**B.     The Court Should Deny Defendant's Motion Because Joinder of the Offenses in the Indictment is not Prejudicial under Federal Rule of Criminal Procedure 14.**

Defendant cannot show compelling prejudice sufficient to warrant severance of the offenses in the Indictment as required under Rule 14(a) of the Federal Rules of Criminal Procedure. Rule 14 provides: "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . ." Fed. R. Crim. P. 14(a). In order to determine if severance of properly joined counts is appropriate, the district court must "balance the prejudice to the defendant against the interests of judicial economy." *United States v. Benz*, 740 F.2d 903, 911 (11th Cir. 1984). The Eleventh Circuit has held that the defendant must show "more than some prejudice[;]" rather, the defendant must show compelling prejudice. *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (citations omitted). Defendant's burden "is a heavy burden and one which mere conclusory allegations cannot carry." *Id.* (citations omitted).

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict. If so, 'though the task be difficult,' there is no compelling prejudice. Moreover, if the possible prejudice may be cured by a cautionary instruction severance is not required.

*Id*. at 386-7 (internal citations omitted).

The United States contends that Defendant has not demonstrated compelling prejudice. Defendant's conclusory allegation that the jury "will improperly consider the evidence presented as to Count 1 in determining guilt as to the remaining and unrelated counts," (*see* Doc. # 16 at ¶s 2 & 3), is insufficient to carry his burden. *See Walser*, 3 F.3d at 386. The United States will request that the district court include Eleventh Circuit Pattern Jury Instruction, Basic Instruction 10.2, "Caution

– Punishment– Single Defendant– Multiple Counts" in its instructions to the jury.[2] Assuming said instruction is given, undue prejudice will be avoided as the jury is presumed to act in accordance with the instructions given. *See Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985) (stating that jurors are presumed to follow the law as instructed). Defendant has presented no evidence establishing the contrary. Because Defendant is unable to demonstrate compelling prejudice and any possible prejudice may be cured by a cautionary instruction, severance of the counts of the Indictment is not warranted.

Based on the foregoing, the United States respectfully requests that the Court deny Defendant's motion to sever counts.

Respectfully submitted this the 19th day of October, 2007.

                LEURA G. CANARY
                UNITED STATES ATTORNEY


                /s/ Jerusha T. Adams
                JERUSHA T. ADAMS
                Assistant United States Attorney
                Post Office Box 197
                Montgomery, Alabama 36101-0197
                334-223-7280 phone   334-223-7135   fax
                jerusha.adams@usdoj.gov

---

[2] This instruction provides in relevant part:

> A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

*Eleventh Circuit Pattern Jury Instruction, Basic Instruction 10.2*.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  CR. NO.  2:07-cr-165-MHT |
| | ) |
| ANDREAS JEJUAN SMITH | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin L. Butler.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 phone    334-223-7135   fax
jerusha.adams@usdoj.gov

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription  08/06/2007

    ANDREAS JEJUAN SMITH was advised of the identity of the interviewing Agent and the purpose of the interview. It should be noted that Corporal DAVID HILL of the Montgomery Police Department was present during the interview. SMITH then furnished the following:

    SMITH advised that the tattoo on the left side of his neck was for a deceased friend of his. The tattoo was "RIP Lilcat".

    SMITH had been reunited with his father, GLENN TEAGUE, approximately one (1) year ago. His father had been in prison. They "hang around" with each other and smoke some marijuana. They usually use TEAGUE's black car to travel around the city. SMITH does not drive the car or operate it by himself. He (SMITH) has never been to Florida.

    SMITH had a bank account approximately one (1) year ago with Max Federal Credit Union. Approximately two (2) years ago he went into a Compass Bank, but could not remember which branch in Montgomery, Alabama.

    SMITH advised he stayed at his mother's or grandmother's residence. He did not stay at WILLIE JACKSON's house. JACKSON was his friend and he frequently visited him.

    SMITH advised neither he nor his father robbed the Compass Bank.

    SMITH advised that he knew there was an arrest warrant out on him for bank robbery and that law enforcement was attempting to locate him. He had been aware that law enforcement had been to his mother's residence in search of him.

    SMITH stated that his girlfriend had just dropped him off at JACKSON's residence at 2861 Jan Drive, Montgomery, Alabama and that he had entered the house moments prior to the arrival of law enforcement (United States Marshal's Fugitive Retrieval Team). JACKSON and GARLAND CLARK were playing dominos at the dinning room table.

---

Investigation on  8/3/07  at  Montgomery, Al

File #  91A-MO-45613    Date dictated  8/6/07

by  SA John J. Drew, Jr.:jjd

GOVERNMENT'S EXHIBIT 1

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned