IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CR. NO. 2-07cr165-MHT |
| ) | |
| ANDREAS JEJUAN SMITH ) | |
| ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the Court on the *Motion to Sever Counts* filed by Defendant Andreas Jejuan Smith ("Smith"). *See* Doc. 16, filed October 10, 2007. The Court held a hearing on the motion on October 25, 2007. After considering all submissions and analysis of the relevant law, the Magistrate Judge recommends that the District Judge DENY the Motion to Sever.

### I. FACTUAL BACKGROUND AND MOTION TO SEVER

On August 15, 2007, the Grand Jury for the Middle District of Alabama returned a four count indictment against Defendant, Andreas JeJuan Smith ("Smith"). Count 1 charges Smith with unarmed robbery of Compass bank on June 22, 2007 in violation of Title 18 U.S.C. § 2113(a). Count 2 charges Smith with assault upon a federal officer on July 20, 2007, by means of a deadly or dangerous weapon in violation of Title 18 U.S.C. 111(b). Count 3 charges Smith with the use and possession of a firearm on July 20, 2007, to assault the officer as set forth in Count 2. Count 4 alleges Smith was a formerly convicted felon prior to July 20, 2007 when he allegedly used the firearm to commit the crimes alleged in

Counts 2 and 3. Smith moves to sever trial of Count 1 from the remaining Counts.

## II. ANALYSIS

Rule 8(a), Federal Rules of Criminal Procedure states:

Joinder of offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a).

To decide a challenge under Rule 8(a), the Court looks solely to the four corners of the indictment. *United States v. Morales*, 868 F.2d 1562, 1567-1568 n.3 (11th Cir. 1989). The indictment at bar does not facially meet the requirements of Rule 8(a). When the indictment does not facially meet the requirements of Rule 8(a), the Court will allow the prosecution to proffer evidence to justify joinder. *United States v. Dominguez*, 226 F.3d 1235, 1241 (11th Cir. 2000). If the evidence at trial or the proffer by the United States is deficient to fill the gaps and connect the charges, joinder is improper and severance is the remedy. *Id.* Broad construction of Rule 8 in favor of the initial joinder guides the court's decision.

Here, the United States proffers the motive for Smith to commit the crimes alleged in Counts 2, 3, and 4 was his desire to prevent his apprehension by authorities for the bank robbery alleged in Count 1. The Court need not decide the credibility of the facts underlying the proffer. The proffer need only allege, not prove, the facts necessary to sustain joinder. *Id.* at 1241 n.8. A common motive may join in one indictment crimes otherwise not subject

to joinder under Rule 8(a). *See id.* at 1242. The Magistrate Judge deems the proffer to allege sufficient facts to allow joinder under Rule 8(a). However, the Rule 8(a) analysis does not end the severance inquiry.

Rule 14 of the Federal Rules of Criminal Procedure may prohibit joinder of offenses which pass muster under Rule 8(a). Rule 14(a) states in pertinent part: "Relief. If the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." To determine whether severance is appropriate, the court balances the prejudice to the defendant against the interests of judicial economy. *United States v. Benz*, 740 F.2d 903, 911 (11th Cir. 1984). Compelling prejudice- not simple prejudice is sufficient reason under the rule to severe. *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993). To demonstrate compelling prejudice places a heavy burden upon a defendant which mere conclusory allegations cannot carry. *United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir. 1993). Whether compelling prejudice exists hinges on the inquiry of whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict. "If so, 'though the task be difficult,' there is no compelling prejudice." *Walser*, 3 F.3d at 387 (quoting *United States v. Fernandez*, 892 F.2d 976, 990 (11th Cir. 1989), *cert. dismissed*, 495 U.S. 944, 110 S.Ct. 2201, 109 L.Ed.2d 527 (1990)). Moreover, if the possible

prejudice may be cured by a cautionary instruction, severance is not required. *Id.* at 387 (citing *United States v. Jacoby*, 955 F.2d 1527, 1542 (11th Cir. 1992)).

Applying the law to the facts, Smith asserts nothing beyond bare conclusions to establish prejudice much less compelling prejudice. From the face of the indictment, there is nothing in any of the counts which compels the court to conclude a verdict might be tainted by improper considerations. Juries are presumed, and rightly so, to follow the instructions of the court. *See Raulerson v. Wainwright*, 753 F. 2d 869, 876 (11th Cir. 1985). From the arguments of counsel and the evidence before the Court, no reason exists to believe a jury would not follow a proper limiting instruction regarding motive or Pattern Instruction 10.2 to consider each count and the evidence related thereto separately.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the *Motion to Sever* (Doc . 16) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation not later than **November 9, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      DONE this 26th day of October, 2007.

                                               /s/Terry F. Moorer
                                               TERRY F. MOORER
                                               UNITED STATES MAGISTRATE JUDGE