IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | CR. No: 2:07cr165-MHT |
| | ) | |
| ANDREAS JEJUAN SMITH | ) | |

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

**NOW COMES** the Defendant, Andreas JeJuan Smith, by and through undersigned counsel,

Kevin L. Butler, and respectfully request that this Court give the attached Jury Instruction to the jury

in the above-styled case.

**WHEREFORE**, Defendant respectfully requests that this Motion be granted.

Respectfully submitted,


s/ Kevin L. Butler
**KEVIN L. BUTLER**
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **V.** | ) | **CR. No: 2:07cr165-MHT** |
| | ) | |
| **ANDREAS JEJUAN SMITH** | ) | |

**CONTENTS OF ATTACHED
DEFENDANT'S REQUESTED INSTRUCTIONS**

1.   Preliminary Instructions Before Opening Statements
2.   Introduction
3.   Duty to Follow Instructions; Presumption of Innocence; Burden of Proof
4.   Definition of Reasonable Doubt
5.   Credibility of Witnesses
6.   Impeachment; Inconsistent Statement
7.   Testimony of Interested Witnesses
8.   Law Enforcement Witnesses
9.   Number of Witnesses
10.  Expert Witnesses
11.  Identification
12.  Statement or Conduct of Defendant
13.  On or About; Knowingly; Willfully
14.  Caution - Punishment
15.  Introduction to Offense Instructions
16.  Offense - Bank Robbery
17.  Theory of Defense Instruction
18.  Duty to Deliberate
19.  No Burden to Present Evidence
20.  Evidence Admitted for Limited Purpose
21.  Unanimity
22.  Less Satisfactory Evidence

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

**PRELIMINARY INSTRUCTIONS**
**<u>BEFORE OPENING STATEMENTS</u>**

"Members of the Jury:

You have now been sworn as the jury to try this case.  By your verdicts(s) you will decide the disputed issues of fact.  I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will instruct you on the rules of law that you must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case, you should give careful attention to the testimony and evidence presented for your consideration during the trial, but you should keep an open mind and should not form or state any opinion about the case one way or the other until you have heard all of the evidence and have had the benefit of the closing arguments of the lawyers as well as my instructions to you on the applicable law.

During the trial you must not discuss the case in any manner among yourselves or with anyone else, and you must not permit anyone to attempt to discuss it with you or in your presence; and, insofar as the lawyers are concerned, as well as others whom you may come to recognize as having some connection with the case, you are instructed that, in order to avoid even the appearance of impropriety, you should have no conversation whatever with those persons while you are serving on the jury.

You must also avoid reading any newspaper articles that might be published about the case now that the trial has begun, and you must also avoid listening to or observing any broadcast news program on either television or radio because of the possibility that some mention might be

made of the case during such a broadcast now that the trial is in progress.

Now, in order that you might understand at the beginning of the case the nature of the decisions you will be asked to make and how you should go about making them, I would like to give you some preliminary instructions at this time concerning some of the rules of law that will apply.

Of course, the preliminary instructions I will give you now will not cover all of the rules of law applicable to this case. As stated before, I will instruct you fully at the end of the trial just before you retire to deliberate upon your verdict(s), and will probably restate at that time some of the rules I want to tell you about now. In any event, you should not single out any one instruction alone as stating the law, but should consider all of my instructions as a whole.

**Presumption of Innocence**. As you were told during the process of your selection, an indictment in a criminal case is merely the accusatory paper which states the charge or charges to be determined at the trial, but it is not evidence against the Defendant or anyone else. Indeed, the Defendant has entered a plea of Not Guilty and is presumed by the law to be innocent. The Government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him.

**Burden of Proof**. Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

**Order of Proof - Defendant's Right Not to Testify**.  Because the Government has the burden of proof, it will go forward and present its testimony and evidence first.  After the Government finishes or "rests" what we call its "case in chief," the Defendant may call witnesses and present evidence if he wishes to do so.  However, you will remember that the law does not require a Defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a Defendant not to testify in the event should he so elect.

**Credibility of the Witnesses**.  As you listen to the testimony, you should remember that you will be the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In deciding whether you believe or disbelieve any witness, you should consider his relationship to the Government or to the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

From time to time during the trial, I may be called upon to make rulings of law on motions or objections made by the lawyers.  You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I sustain an objection to a question that goes unanswered by the witness, you should not speculate on what answer might have been given, nor should you draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers from time to time

out of your hearing concerning questions of law or procedure that require consideration by the Court alone.  On some occasions, you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers.  I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

In that regard, as you were told during the process of your selection, we expect the case to last three (3) days, but I will make every effort to expedite the trial whenever possible.

Now, we will begin by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show.  After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final arguments in the case.  The statements that the lawyers make now, as well as the arguments they present at the end of the trial, are not to be considered by you either as evidence in the case (which comes only from the witnesses and exhibits) or as your instruction on the law (which will come only from me).  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for the purpose of making an opening statement."

**Authority**:    Selected portions Eleventh Circuit Pattern  Jury Instructions Criminal, Trial Instructions Nos. 1.1 and 1.2 (1997).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

**<u>INTRODUCTION</u>**

MEMBERS OF THE JURY:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the Indictment.

**Authority**:    <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Face Page -- Introduction, (1997).

### DEFENDANT'S REQUEST JURY INSTRUCTION NO. 3

### <u>DUTY TO FOLLOW INSTRUCTIONS</u>
### <u>PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF</u>

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt.  Indeed, the Defendant is presumed by the law to be innocent.  The law does not require a Defendant to prove his innocence or produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations.  The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the Defendant not guilty.

**Authority:**    <u>Eleventh Circuit Pattern  Jury Instructions Criminal,</u> Basic Instruction 2.2  (1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

## <u>DEFINITION OF REASONABLE DOUBT</u>

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation is the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**Authority**:     <u>Eleventh Circuit Pattern  Jury Instructions Criminal,</u> Basic Instruction  3  (1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

10

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge[s] beyond a reasonable doubt.

**Authority:**     <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §15.01 (1992).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

### <u>IMPEACHMENT</u>
### <u>INCONSISTENT STATEMENT</u>

You should also ask yourself whether there was evidence tending to prove that [a] witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

**Authority**:   <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Basic Instruction 6.1 (1997) (first two paragraphs); <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley,  §15.06  (1992)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

### TESTIMONY OF INTERESTED WITNESS

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

The testimony of a witness who provides evidence against a defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether this witness' testimony has been affected by interest, or by prejudice against the defendant.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because he wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**Authority:**    Federal Jury Practice and Instructions, Devitt and Blackmar, §17.02 (1992) [modified -- "witness" substituted for "informer"] (second paragraph); Eleventh Circuit Pattern  Jury Instructions Criminal, Special Instruction 1.1 (1997) (first, third and fourth paragraphs).

13

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8**

**LAW ENFORCEMENT WITNESSES**

You have heard the testimony of several law enforcement officials.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is you decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

See, 1 L. Sand, et al., Modern Federal Jury Instructions - Instruction # 7-16 (1992).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9

## <u>NUMBER OF WITNESSES</u>

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

At all times, the burden of proof remains on the government to present proof beyond a reasonable doubt.

**Authority:**    <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §14.16 (modified).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10**
**<u>EXPERT WITNESSES</u>**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**Authority:** <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Basic Instruction 7 (1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

### <u>IDENTIFICATION - TESTIMONY</u>

In any criminal case the Government must prove, of course, the identity of the Defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question? What length of time did the witness have to observe the person? What were the prevailing conditions at that time in terms of visibility or distance and the like? Had the witness known or observed the person at earlier times? Was the identification suspect due to cross-racial identification?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness' identification of the Defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

**Authority**:   <u>Pattern Jury Instructions</u>, Eleventh Circuit, Criminal Cases, U.S. Eleventh Circuit District Judges Association, 1997 Edition; <u>United States v. Martinez</u>, 763 F.2d 1297, 1304 (11th Cir. 1985); <u>United States v. Smith</u>, 122 F.3d 1355, 1359, (11th Cir.1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

## <u>STATEMENT OR CONDUCT OF DEFENDANT</u>

Evidence relating to any alleged statement, confession, admission, or act or omission alleged to have been made or done by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions, admissions or acts or omissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

It is for the jury to decide (1) whether the particular defendant made the statement and (2) if so, how much weight to give to it. In making those decisions you should consider all of the evidence about the statement, including the circumstances under which the particular defendant may have made it.

In determining whether any statement, confession, admission, or act or omission alleged to have been made by a defendant outside of court after a crime has been committed was knowingly and voluntarily made or done, the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, his or her treatment while in custody or under interrogation as shown by the evidence in the case, and all other circumstances in evidence.

If after considering the evidence you determine that a statement, confession, admission, or act or omission was not made or done knowingly or voluntarily, you must ignore such statement, confession, admission or act or omission, and may give it no weight.

If after considering the evidence you determine that a statement, confession, admission, or act or omission was made or done knowingly and voluntarily, you may still give it such weight or not as you feel it deserves under the circumstances in evidence.

**Authority:**    Eleventh Circuit Pattern  Jury Instructions Criminal, Special Instructions 2.1 and 2.2, (1997)**;**  Federal Jury Practice and Instructions, Devitt & Blackmar, §14.03 (1992) (modified); 18 U.S.C.A. §3501; Crane v. Kentucky, 476 U.S. 683(1986); Jackson v. Denno, 378 U.S. 368 (1964).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13**

**<u>ON OR ABOUT - KNOWINGLY - WILLFULLY</u>**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of ignorance, mistake or accident.

The word 'willfully," as that term has been used from time to time in these instructions, means that the act was committed knowingly, voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**Authority**:    <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Basic Instruction 9.1 (1997) (modified); <u>Staples v. United States</u>, 114 S.Ct. 1793, 1796, (1994) (requirement to instruct as to "knowingly"); <u>Ratzlaf v. United States</u>, 114 S.Ct. 655, 657(1994) (requirement to instruct as to meaning of "willfully").

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14**

**CAUTION -- PUNISHMENT**

A separate crime or offense is charged in each count of the Indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the jury, that you are here to determine from the evidence in this case whether this defendant is guilty or not guilty. The defendant is on trial only for the specific offenses alleged against him in the Indictment. The defendant is not on trial for any act or any conduct not specifically charged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted, the matter of punishment is for the Judge to determine. However, you may consider punishment faced by a cooperating witness as part of that witness' motive and as part of the impeachment of that witness' testimony. In other words, you can consider the punishment that he is facing if he did not testify in this case or did not cooperate with the Government.

**Authority:**     *Pattern Jury Instructions*, Basic Instruction No. 10.2, U.S. Eleventh Circuit, District Judges Association (1997) (modified); Circuit Judge Carnes' Instructions in *United States v. Forbes*, D.C. 95-141-S; District Judge Thompson's Instructions in *United States v. Derek Elliott,* D.C. 96-143-S (Defendant's Requested Jury Instruction No. 16 - granted).

21

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15

## <u>INTRODUCTION TO OFFENSE INSTRUCTIONS</u>

The instructions I have given you so far are ones I give in every criminal case, and which apply in this case as well. I will now instruct you on the law that is specifically applicable to the offenses charged in this case.

In this case, as you know, the Indictment charges four separate offenses called "Counts."

In summary, Count I charges that the Defendant, on or about June 22, 2007, did knowingly and intentionally rob the Compass Bank, located at 3408 Eastern Boulevard, Montgomery, Alabama, in violation of Title 18, United States Code, Section 2113(a).

Count II charges that the Defendant, on or about July 20, 2007, did knowingly use a dangerous weapon to intimidate a U.S. Marshal in violation of Title 18, United States Code § 111(b).

Count III charges that the Defendant, on or about July 20, 2007, knowingly used a firearm during a furtherance of a crime of violence in violation of Title 18, United States Code, § 924(c)(1)(A)(iii).

Count IV charges that the Defendant, on or about July 20, 2007, being a felon, possessed a firearm, in violation of Title 18, United States Code 922(g)(1).

**Authority**:   <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Basic Instruction No. 8, (1997).

22

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  16

## OFFENSE - BANK ROBBERY

Title 18, United States Code, Section 2113(a), makes it a Federal crime or offense for anyone to take or to attempt to take from the person or presence of someone else [by force and violence] [by intimidation] any property or money in the possession of a federally insured bank.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:       That the Defendant knowingly took from the person or the presence of the person described in the indictment, money or property then in the possession of a federally insured bank as charged; and

Second:    That the Defendant did so [by means of force or violence] [by means of intimidation].

A "federally insured bank" means any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

[To take "by means of intimidation" is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm; it is not necessary to prove that the alleged victim was actually frightened, and neither is it necessary to show that the behavior of the Defendant was so violent that it was likely to cause terror, panic or hysteria.  The essence of the offense is the taking of money or property aided and accompanied by intentionally intimidating behavior on the part of the Defendant.]

**Authority:**    Eleventh Circuit Pattern  Jury Instructions Criminal**,** Offense Instruction No. 62.1 (1997).

23

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17**

**THEORY OF DEFENSE INSTRUCTION**

[Defendant Smith's theory of defense instruction will be added here following the close of the defense case.]

*United States v. Terebecki*, 692 F.2d 1345, 1351 (11th Cir. 1982) (The "defendant is entitled to have the court instruct the jury on his defense theory, 'assuming that the theory has foundation in the evidence and legal support.' *United States v. Conroy*, 589 F.2d 1258, 1273 (5th Cir. 1979).").

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18**

**DUTY TO DELIBERATE**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way, you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:** Eleventh Circuit Pattern Jury Instructions Criminal, Basic Instruction No. 11 (1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19

## <u>NO BURDEN TO PRESENT EVIDENCE</u>

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence. The prosecution has the burden at all times to produce evidence of the alleged charge, which convinces you of guilt beyond a reasonable doubt. If the prosecution fails to produce such proof beyond a reasonable doubt of any of the elements of any of the crimes alleged and charged, you must find the defendant not guilty of that crime. The defendant is under no obligation at any time to produce any evidence.

**Authority:**   <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §15.14 (1992) (modified); <u>United States v. Richardson</u>, 764 F.2d 1514, 1529 (11th Cir.), <u>cert.</u> <u>denied</u>, sub.nom. <u>Crespo - Diaz v. United States</u>, 474 U.S. 952 (1985).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20

### EVIDENCE ADMITTED FOR LIMITED PURPOSE

In certain instances evidence may be admitted only for a particular purpose and not for all purposes.  For the limited purpose for which such evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose.

**Authority:**    Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley, §11.09 (modified).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21**

**UNANIMITY**

Each of the two counts of the indictment charge the Defendant with a separate violation of the United States Code.

Before a determination may be made as to whether the evidence proves beyond a reasonable doubt that the defendant is guilty of the charge in either Count of the indictment, the jurors must determine whether or not each juror agrees with each of the other jurors as to whether or not each of the elements of the crime have been proven beyond a reasonable doubt and that all agree on what proof of what conduct does or does not establish each of those elements.

As to each Count of the indictment, unless the government has proven the same acts and intent and the same means or method to each of you, beyond a reasonable doubt, you must acquit the Defendant of the crime charged in that count.

**Authority:**    Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley, §13.07 (modified).

28

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22**

**LESS SATISFACTORY EVIDENCE**

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to consider this fact in your deliberations.

You must remember, however, that the defendant is not obliged to produce any evidence or to call any witnesses.

**Authority:**    Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley, §14.14.

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| | **)** | |
| **V.** | **)** | **CR. No: 2:07cr165-MHT** |
| | **)** | |
| **ANDREAS JEJUAN SMITH** | **)** | |

                                       **CERTIFICATE OF SERVICE**

       I hereby certify that on December 3, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jerusha Adams, Esquire
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104

                                      Respectfully submitted,


                                      s/ Kevin L. Butler
                                      **KEVIN L. BUTLER**
                                      First Assistant Federal Defender
                                      201 Monroe Street, Suite 407
                                      Montgomery, Alabama 36104
                                      Phone: (334) 834-2099
                                      Fax: (334) 834-0353
                                      E-mail: kevin_butler@fd.org
                                      AZ Bar Code: 014138