IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-165-MHT |
| | ) | |
| ANDREAS JEJUAN SMITH | ) | |

<u>UNITED STATES' MOTION IN LIMINE TO PREVENT INTRODUCTION OF ALIBI EVIDENCE</u>

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully moves this Court to exclude the testimony of any witness pertaining to the defendant's alibi for the bank robbery offense. As grounds for this Motion, the United States avers as follows:

1. On August 28, 2007, the defendant appeared in open court in person and was arraigned. The United States provided discovery to the defendant at that time and submitted a written request, dated August 28, 2007, for a copy of all discovery to which it is entitled as well as a request for notice of any intent to use an alibi defense and the specific details surrounding the alibi defense.

2. On August 29, 2007, the Court issued an Order on Arraignment. (Doc. # 11.)

3. In said Order, the Court directed that all pretrial motions and "all notices under Fed. R. Crim. P. 12.1, 12.2 and 12.3 . . . must be filed no later than TWO DAYS BEFORE THE FIRST PRETRIAL CONFERENCE HELD IN THIS CASE." (*Id*. at 2.) The initial pretrial conference was set for October 12, 2007, thus any Fed. R. Crim. P. 12.1 notice was due to be filed no later than October 10, 2007. (*See id.* at 1.)

4. On December 4, 2007, at 4:49 p.m., defense counsel filed an untimely Notice of Alibi

pursuant to Fed. R. Crim. P. 12.1. (Doc. # 48.) In the Notice, defense counsel failed to provide a reason or to show good cause for the delay in the disclosure. *See* Fed. R. Crim. P. 12.1(d).

WHEREFORE, the above premises considered and under Fed. R. Crim. P. 12.1(e), the United States respectfully requests that this Honorable Court enter an order excluding the introduction of defendant's alibi testimony.

A memorandum of law in support of the motion is attached.

Respectfully submitted this the 6th day of December, 2007.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Jerusha T. Adams
>JERUSHA T. ADAMS
>Assistant United States Attorney
>Post Office Box 197
>Montgomery, Alabama 36101-0197
>334-223-7280 phone    334-223-7135   fax
>jerusha.adams@usdoj.gov

## MEMORANDUM OF LAW

**Defendant's Belated Disclosure of Alibi Testimony Warrants Exclusion Under Fed. R. Crim. P. 12.1 (e).**

Under Federal Rule of Criminal Procedure 12.1(e), the duty to disclose an alibi defense is triggered by the Government's written demand. *See* Fed. R. Crim. P. 12.1(a). Upon receipt of the Government's demand, the defendant has ten days, unless the court alters that period, within which to serve the Government with written notice of his intention to offer an alibi defense. *Id*. The court may exclude the testimony of any undisclosed witness regarding the defendant's alibi, if a party fails to comply with Rule 12.1. *See* Fed. R. Crim. P. 12.1(e).

In this case, on August 28, 2007, the United States provided discovery to the defendant and submitted a written request for notice of any intent to use an alibi defense and the specific details surrounding the alibi defense. The following day, on August 29, 2007, the Court issued an Order on Arraignment, directing that, *inter alia*, "all notices under Fed. R. Crim. P. 12.1, 12.2 and 12.3 . . . must be filed no later than TWO DAYS BEFORE THE FIRST PRETRIAL CONFERENCE HELD IN THIS CASE." (Doc. # 11 at 2.) The initial pretrial conference was set for October 12, 2007, thus any Fed. R. Crim. P. 12.1 notice was due to be filed no later than October 10, 2007. (*See id.* at 1.) Defendant failed to file the Notice of Alibi by October 10, 2007, and did not file said notice until nearly two months later – on the eve of trial. Such noncompliance with Rule 12.1 and the dictates of this Court in its Arraignment Order, should not be excused by this Court.

An exception to compliance with Rule 12.1 may be granted by the court for "good cause shown." Fed. R. Crim. P. 12.1(d). The exception falls within the discretionary power of the court and the Eleventh Circuit has identified five factors which the district court should consider:

(1) the amount of prejudice that resulted from the failure to disclose; (2) the reason

for nondisclosure; (3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events; (4) the weight of the properly admitted evidence supporting the defendant's guilt, and (5) other relevant factors arising out of the circumstances of the case.

*United States v. Creamer*, 721 F.2d 342, 344 (11th Cir. 1983) (citation omitted). Here, the Government is substantially prejudiced by the belated disclosure because Defendant's alibi witness cannot be fully investigated within the next four days prior to trial. The Government was wholly unaware of the alibi witness until the Notice was filed so it has not been able to interview said witness. In addition, the belated disclosure restricts the Government's ability to discover rebuttal witnesses who might have otherwise been available. Further, the belated disclosure will likely have a considerable effect on the Government's ability to conduct effective cross-examination of the alibi witness. Finally, Defendant gave no reason for the untimely disclosure so there is no basis upon which the Court could find "good cause" to support an exception to Rule 12.1 compliance.

"Rule 12.1 was intended to prevent prejudicial surprise to the parties and to obviate the need for continuances which arise when one side introduces unexpected testimony at trial." *United States v. Myers*, 550 F.2d 1036, 1042 (5th Cir. 1977)[1] (citation omitted). "[T]he defendant cannot be allowed to sandbag the government concerning any known alibi witnesses in an attempt to gain a tactical advantage that would minimize the effectiveness of cross-examination, and the ability of the government to present rebuttal evidence." *United States v. Johnson*, 354 F. Supp. 939, 954 (N.D. Iowa 2005) (internal quotations and citation omitted). The purpose of Rule 12.1 is wholly frustrated when parties, such as Defendant, callously disregard the Rule's provisions and, for no reason,

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

belatedly disclose their alibi defense six days prior to trial. Due to Defendant's belated disclosure of an alibi defense and failure to comply with Rule 12.1, the United States submits that this Court should exclude any witness testimony relating to Defendant's alibi.

Respectfully submitted this the 6th day of December, 2007.

                                      LEURA G. CANARY
                                      UNITED STATES ATTORNEY

                                      /s/ Jerusha T. Adams
                                      JERUSHA T. ADAMS
                                      Assistant United States Attorney
                                      Post Office Box 197
                                      Montgomery, Alabama 36101-0197
                                      334-223-7280 phone   334-223-7135  fax
                                      jerusha.adams@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-165-MHT |
| | ) | |
| ANDREAS JEJUAN SMITH | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin Butler.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 phone    334-223-7135 fax
jerusha.adams@usdoj.gov