IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:07-cr-165-MHT |
| ) | |
| ANDREAS JEJUAN SMITH ) | |

UNITED STATES' MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY, OR IN THE ALTERNATIVE, REQUEST FOR DAUBERT HEARING

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully moves this Court to exclude the testimony of Defendant's expert, Dr. Sol Fulero. As grounds for this Motion, the United States avers as follows:

1. On August 28, 2007, the defendant appeared in open court in person and was arraigned. The United States provided discovery to the defendant at that time and submitted a written request, dated August 28, 2007, for a copy of all discovery to which it is entitled pursuant to Rules 16(b), (c), and (d) of the Federal Rules of Criminal Procedure.

2. On August 29, 2007, the Court issued an Order on Arraignment. (Doc. # 11.) In said Order, the Court directed that, *inter alia*, "[d]isclosures by the defendant, as required by ¶ 4 of the Standing Order on Criminal Discovery" shall be provided on or before **9/11/07**.[1]

---

[1] Paragraph 4 of the Standing Order on Criminal Discovery provides:

Disclosures by the Defendant. If defendant accepts or requests disclosure of discoverable information pursuant to Fed. R. CRIM. P. 16(a)(1)(C), (D), or (E), defendant, on or before a date set by the court, shall provide to the government all

    3.    On December 5, 2007, at 10:03 a.m., more than two months after the deadline for such disclosures expired, defense counsel faxed to the undersigned notice of his intent to call Dr. Sol Fulero as an expert on cross-racial identification accompanied by the curriculum vitae for Dr. Fulero. The notice further stated that Dr. Fulero "will testify that members of a given race have difficulty identifying members of other races." No written summary detailing the bases and reasons for Dr. Folero's opinions was provided as required under Fed. R. Crim. P. 16(b)(1)(C).

WHEREFORE, the above premises considered and under Fed. R. Crim. P. 16(d)(2)(C), the United States respectfully requests that this Honorable Court enter an order excluding the testimony of Defendant's expert witness, or in the alternative, scheduling a *Daubert* hearing.

A memorandum of law in support of the motion is attached.

Respectfully submitted this the 6th day of December, 2007.

           LEURA G. CANARY
           UNITED STATES ATTORNEY

           /s/ Jerusha T. Adams
           JERUSHA T. ADAMS
           Assistant United States Attorney
           Post Office Box 197
           Montgomery, Alabama 36101-0197
           334-223-7280 phone    334-223-7135 fax
           jerusha.adams@usdoj.gov

---

discoverable information within the scope of Fed. R. Crim. P. 16(b).

(Cr. Misc. # 534).

## MEMORANDUM OF LAW

**Exclusion of Expert Testimony Is Warranted Due to Violation of Fed. R. Crim. P. 16(b)(1)(C).**

Federal Rule of Criminal Procedure 16(b)(1)(C) provides in pertinent part:

> The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if –
>     (i) the defendant requests disclosure under subdivision (a)(1)(G) and
>     the government complies; or
>      . . .
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(b)(1)(C). The court may prohibit a party from introducing the undisclosed evidence if that party fails to comply with Rule 16. *See* Fed. R. Crim. P. 16(d)(2)C).

In this case, Defendant failed to disclose his expert witness to the Government within the time permitted by the Court or in compliance with Rule 16. The Government requested disclosure of expert witnesses from Defendant on August 28, 2007, and received no information from Defendant in response. The Court ordered that Defendant disclose his expert witnesses on or before September 11, 2007, and again, no information from Defendant was received by the Government. In addition, in the pretrial conference held on October 11, 2007, defense counsel did not provide the Government with any expert witness disclosure. *See* Fed. R. Crim. P. 16(c) ("A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party . . . .") Yet, five days prior to trial and nearly two months after the Court ordered deadline for such disclosure, Defendant surprises the Government with notice of an expert witness. Such blatant disregard for this Court's deadlines and Rule 16 should not be permitted, and warrants exclusion of the expert testimony under Fed. R. Crim. P. 16(d)(2)(C).

Further, the belated disclosure of Defendant's expert witness does not satisfy Defendant's obligations under Rule 16(b)(1)(C) as no opinions of the expert, report from the expert, nor bases and reasons for the expert's opinions have been disclosed to the Government. Consequently, the Government is substantially prejudiced as it has had no opportunity to prepare for this expert, seek its own expert, or even have an expert examine the substance of Dr. Fulero's opinion because no such opinion has been provided by Defendant. Due to Defendant's belated disclosure of its proffered expert and the failure to comply with the Rule 16, the United States submits that this Court should preclude Defendant's expert from testifying at trial. In the alternative, the United States requests that the Court schedule a *Daubert* hearing.

Respectfully submitted this the 6th day of December, 2007.

                                                LEURA G. CANARY
                                                UNITED STATES ATTORNEY

                                              /s/ Jerusha T. Adams
                                              JERUSHA T. ADAMS
                                              Assistant United States Attorney
                                              Post Office Box 197
                                              Montgomery, Alabama 36101-0197
                                              334-223-7280 phone   334-223-7135  fax
                                              jerusha.adams@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-165-MHT |
| | ) | |
| ANDREAS JEJUAN SMITH | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin Butler.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 phone    334-223-7135   fax
jerusha.adams@usdoj.gov