IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr165-MHT |
| ANDREAS JEJUAN SMITH | ) | |

ORDER

This cause is before the court on the government's oral motion, made in open court on December 7, 2007, for reconsideration of its earlier motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for December 10, 2007, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny ... attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and defendant Andreas JeJuan Smith in a speedy trial. Due to Smith's late filing of a

notice of intent to bring an alibi defense and notice of intent to call an expert witness on cross-racial identification, the government needs additional time to investigate fully the alibi defense presented by Smith and to obtain its own expert who can address cross-racial identification prior to trial.

Accordingly, it is ORDERED as follows:

(1) The government's oral motion, made in open court on December 7, 2007, for reconsideration is granted.

(2) The government's motion to continue (doc. no. 51) is granted.

(3) The jury selection and trial for defendant Andreas JeJuan Smith, now set for December 10, 2007, are continued to March 17, 2008, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 7th day of December, 2007.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE