IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CR. NO.  2:07cr165-MHT |
| ) | |
| ANDREAS JEJUAN SMITH ) | |
| ) | |

# REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court is *Defendant's . . . Alternative Motion to Exclude Evidence* relating to "all evidence and statements related to the shooting at 2861 Jan Drive, Montgomery, AL on July 20, 2007" and the *United States' Response to . . . Alternative, Motion to Exclude Evidence and Testimony*. See Doc. 58, "Motion," Doc. 62, "Response," and Doc. 66, "Order."  The Court held a hearing on the motion on January 7, 2008 and a telephone conference on January 30, 2008.  After considering the submissions and the representations made by the parties, the Magistrate Judge recommends that the District Judge deny as moot the Alternative Motion to Exclude Evidence.

## I. MOTION TO EXCLUDE EVIDENCE & ANALYSIS

On December 6, 2007, Defendant Andreas Jejuan Smith ("Smith" or "Defendant") filed *Defendant's Motion to Dismiss or in the Alternative Motion to Exclude Evidence and Testimony* (Doc. 58).  In the motion, Smith sought an order dismissing the indictment for failure to comply with discovery obligations.  Alternatively, Smith sought an order excluding

(1) the testimony of Glenn Teague, (2) any evidence flowing from Glenn Teague's statements including a subsequent photo identification by Annette Nichols, and (3) all evidence and statements related to the shooting at 2861 Jan Drive, Montgomery, AL, on July 20, 2007. *Id*. at p.1. As grounds for his requests, Smith contends the Government willfully withheld discoverable information and did not timely disclose discoverable information in violation of Rule 16 of the Federal Rules of Criminal Procedure. *Id*. The Government filed the *United States' Response to Motion to Dismiss or in the Alternative, Motion to Exclude Evidence and Testimony* on December 7, 2007. *See* Doc. 62. The United States denies Smith's assertions and states it timely provided discovery to the defendant.

The Court entered an order denying the Motion to Dismiss and the alternative motion to exclude evidence and testimony as to "the testimony of Glenn Teague" and "any evidence flowing from Mr. Teague's statements." *See* Doc. 66. The alternative motion as to "all evidence and statements related to the shooting at 2861 Jan Drive, Montgomery, AL, on July 20, 2007" was left to the magistrate judge for recommendation.

The Court heard the remaining issues on January 7, 2008. At the hearing the Court was advised the ballistics report in question was not yet complete and would likely be complete at the end of the month. The parties agreed the motion would be rendered moot if the ballistics report was produced by the end of January 2008. On January 30, 2008, the parties advised the Court by telephone conference that the report had been produced to the defendant. While Smith's counsel had not yet had the opportunity to review the report, he

stated his current motion was now moot. Any such, issues relevant to the content of the report must be addressed in a new motion, if necessary.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the *Alternative Motion to Exclude Evidence* relating to "all evidence and statements related to the shooting at 2861 Jan Drive, Montgomery, AL on July 20, 2007" (Doc. 58) be **DENIED as moot**.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation not later than **February 12, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 30th day of January, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE