IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:07-cr-165-MHT |
| | ) | |
| ANDREAS JEJUAN SMITH | ) | |

MOTION IN LIMINE TO INTRODUCE CONVICTION OF CRIME
PURSUANT TO RULE 609(b) OF THE FEDERAL RULES OF EVIDENCE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and notices its intent to introduce impeachment evidence that Defendant's expert, Dr. Solomon Fulero, was convicted of a felony.[1] As grounds, the United States sets forth the conviction evidence and the law as follows:

PROFFER OF CONVICTION

The United States proffers that, in 1974, in the United States District Court for the District of Columbia, Defendant's expert, Dr. Solomon M. Fulero, was convicted of unlawful possession of marijuana with intent to distribute it (21 U.S.C. § 841(a)) and unlawful possession of the same marijuana in violation of 33 D.C. Code § 402.  See United States v. Fulero, 498 F.2d 748 (D.C. Cir. 1974) (affirming Dr. Fulero's convictions).  According to Fulero, Dr. Folero was involved in the trafficking of 40 kilos (approximately 88 pounds) of marijuana from Yuma, Arizona, to Washington, D.C.  Id. at 749.  He was arrested for this conduct when he arrived at the Greyhound Bus Terminal to retrieve two footlockers containing marijuana.  Id.

---

[1] The United States provides this advance notice as required under Rule 609(b) of the Federal Rules of Evidence.

DISCUSSION

Under Rule 609 of the Federal Rules of Evidence, evidence that a witness is convicted of a crime, if the crime was a felony or punishable by death, is admissible for the purpose of attacking the credibility of a witness. See Fed. R. 609(a)(1). Rule 609(b) provides in pertinent part that:

> [e]vidence of a conviction . . . is not admissible if a period of more than ten years has elapsed since the date of the conviction . . ., unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b). The Eleventh Circuit has held that a presumption exists against the use of prior crime impeachment evidence over ten years old and that such convictions "will be admitted very rarely and only in exceptional circumstances." United States v. Cathey, 591 F.2d 268, 275 (5th Cir. 1979).[2] "In evaluating whether exceptional circumstances exist, the trial judge must consider whether the witness has already been impeached, and if so, the probative value of the prior conviction decreases accordingly." United States v. Tisdale, 817 F.2d 1552, 1555 (11th Cir. 1987) (quotations and citation omitted).

The United States contends that exceptional circumstances exist in this case which warrant the use of Dr. Folero's conviction as prior crime impeachment evidence. This prior crime evidence is relevant[3] to show bias against the United States. The fact that Dr. Folero was convicted of a

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] Under Federal Rule of Evidence 401, "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (internal quotations omitted).

federal felony for unlawful possession of marijuana with the intent to distribute it shows a bias against the United States and motive to testify favorably for the defense.[4] Such bias is significant considering the fact that Dr. Folero is not testifying in this case as a mere lay witness but as an expert witness who will provide opinion testimony to the jury. Moreover, Dr. Folero's expert testimony is of such a nature that he will be testifying regarding matters which will affect the jury's assessment of other witnesses' credibility – i.e., eyewitnesses' credibility. Since Dr. Fulero's expert testimony will involve questioning the credibility and reliability of other witnesses, his credibility is of utmost concern and weighs in favor of admitting the prior conviction. See United States v. Pritchard, 973 F.2d 905 (11th Cir. 1992) (holding that admitting evidence of 13-year old burglary conviction to impeach defendant's credibility, which was key issue in prosecution, was not abuse of discretion). Albeit the conviction occurred over thirty years ago, Dr. Fulero's criminal record is of special significance as his testimony will be pitted against that of the eyewitnesses to a crime. See United States v. Holley, 493 F.2d 581, 584 (9th Cir. 1974) (affirming impeachment evidence for prior conviction which occurred more than thirty years before the trial). Further, there is no other impeachment evidence of Dr. Fulero in this case, hence the inclusion of the prior conviction at issue is not cumulative of other impeachment evidence. See Pritchard, 973 F.2d at 909 (noting that the burglary conviction was not merely cumulative of other impeachment evidence).

     Finally, the United States submits that, in the interests of justice, the probative value of the impeachment evidence substantially outweighs its prejudicial effect. Here, the probative value of the impeachment evidence is high because the United States' need for this impeachment evidence

---

[4] Indeed, some would argue that this conviction must have been a motivating factor in his decision to focus his career on discrediting eyewitnesses in criminal cases.

is substantial. See Pritchard, 973 F.2d at 909 (considering the government's need for the impeaching evidence). In addition, there is little likelihood of the impeachment evidence causing unfair prejudice as it is not of a heinous nature. See id. (citing cases that have held the admission of stale convictions to be an abuse of discretion due to the heinous nature). Further, the Court can cure any possible prejudice by instructing the jury as to the proper use of the impeachment evidence.[5]

CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court admit the above impeachment evidence at the trial of this case.

Respectfully submitted this 10th day of March, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY


        /s/ Jerusha T. Adams
        JERUSHA T. ADAMS
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        334-223-7280 phone   334-223-7135   fax
        jerusha.adams@usdoj.gov

---

[5] See Eleventh Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 6.2.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:07-cr-165-MHT |
| | ) | |
| ANDREAS JEJUAN SMITH | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin Butler.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 phone     334-223-7135   fax
jerusha.adams@usdoj.gov