IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 2:07-cr-165-MHT |
| | ) | |
| ANDREAS JEJUAN SMITH | ) | |

**RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE CONVICTION OF CRIME PURSUANT TO RULE 609(b) OF THE FEDERAL RULES OF EVIDENCE**

**NOW COMES** the Defendant, **ANDREAS JEJUAN SMITH**, through undersigned counsel, Aylia McKee, and responds to the Government's Motion in Limine to Introduce Conviction of Crime pursuant to Rule 609(b) of the Federal Rules of Evidence (Document 89).

**DISCUSSION**

1. Under Rule 609 of the Federal Rules of Evidence, evidence that a witness is convicted of a crime, if the crime was a felony or punishable by death, is admissible for the purpose of attacking the credibility of a witness. *See* Fed. R. 609(a)(1). Under Rule 609(b) of the Federal Rules of Evidence, evidence is not admissible if a period of more than ten years has elapsed since the date of the conviction. *See* Fed. R. 609(b). Only if the court determines, in the interest of justice, that the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect can the evidence be admissible. *Id.*

2. In the Eleventh Circuit, there is a presumption against the use of prior crime impeachment evidence that is over ten years old. Such convictions "will be admitted very rarely and only in exceptional circumstances." *United States v. Cathey*, 591 F.29 268, 275 (5th Cir. 1979)[1] " In

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit

evaluating whether exceptional circumstances exist, the trial judge must consider whether the witness has already been impeached, and if so, the probative value of the prior conviction decreases accordingly." *United States v. Tisdale*, 817 F.2d 1552, 1555 (11th Cir. 1987).

3. The Government contends that exceptional circumstances exist in this case which warrant the use of Dr. Fulero's conviction as prior crime impeachment evidence. Specifically, the government claims the prior evidence is relevant[2] to show bias against the United States. While this theory may have merit under different circumstances, the probative value of this theory to this case is minimal. Since being convicted over *thirty-three* years ago, Dr. Fulero has had no further convictions. Additionally he has authored numerous publications and held various professional positions.

4. On the other hand, the admittance of this evidence would have a highly prejudicial effect on Dr. Fulero's testimony. Any minimal probative value of this alleged bias would not be substantially outweighed by the highly prejudicial effect of the evidence on Dr. Fulero's testimony.

5. The Government's next contention is that the bias should have more probative value because Dr. Fulero is providing expert testimony. However, under Rule 609, all witnesses are to be treated the same. See Fed. R. 609. The Government cites to *United States v. Pritchard,* in support of its petition. However, the facts of that case are wholly dissimilar from the present case. In *Pritchard*, the testimony was from a co-conspirator in a bank robbery and the past crime was more

---

handed down prior to the close of business on September 30, 1981.

[2] Under Federal Rules of Evidence 401, "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence." Fed. R. Evid. 401 (internal quotations omitted)

probative because it was also a theft. *Id.* In *Pritchard*, the witness was also the only direct witness to the crime. *Id.* Furthermore, the crime in *Pritchard* was only 13 years old. *Id.* The Government further alleges that Dr. Fulero's conviction should be admitted because his testimony may potentially discredit the Government's eyewitness. Dr. Fulero's testimony is indistinguishable from any other defense witness. Any defense witness can potentially discredit the Government's witness, but all witnesses are treated the same under the Federal Rules.

6.   The Government's next contention is that the evidence should be admissible because there is no other impeachment evidence against Dr. Fulero in this case. That is not the standard for the admission of impeachment evidence. The Government still has the burden of meeting the *Cathey* standard and showing an "exceptional" circumstance. *United States v. Cathey,* 591 F. 2d 268, 275 (5th Cir. 1979).

7.   The Government's last contention is that in the interest of justice, the probative value of the impeachment evidence substantially outweighs its prejudicial effect. The Government cites to *Pritchard* for assistance on this point, but as stated earlier, *Pritchard* involved a conviction that was 13 years old. *See Pritchard 973* F.2d 905 (11th Cir. 1992). For these reasons, the Government has not meet the standard for admission of the impeachment evidence.

## CONCLUSION

**WHEREFORE**, Ms. Smith respectfully requests that the Government's Motion in Limine to Introduce Conviction of Crime pursuant to Rule 609(b) of the Federal Rules of Evidence Document 89 be denied.

Dated this 12th day of March, 2008.

3

Respectfully submitted,

s/ Aylia McKee
AYLIA MCKEE
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: aylia_mckee@fd.org
ASB-6178-A39M

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| V.                                     ) | CR. No: 2:07cr165-MHT |
| ) | |
| **ANDREAS JEJUAN SMITH**       ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 12, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jerusha Adams, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                Respectfully submitted,

                s/ Aylia McKee
                AYLIA MCKEE
                Assistant Federal Defender
                201 Monroe Street, Suite 407
                Montgomery, Alabama 36104
                Phone: (334) 834-2099
                Fax: (334) 834-0353
                E-mail: aylia_mckee@fd.org
                ASB-6178-A39M