IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:07-cr-165-MHT |
| | ) | |
| ANDREAS JEJUAN SMITH | ) | |

UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in compliance with the Court's Order of March 12, 2008 (Doc. # 94), respectfully files this memorandum brief in support of its motion to exclude the testimony of Defendant's expert, Dr. Solomon Fulero.[1]

## I. *DAUBERT*

The Supreme Court announced a new method for evaluating the admissibility of expert scientific testimony under Federal Rule of Evidence 702 in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999), the Court clarified that *Daubert* applies not only to testimony based on scientific

---

[1] Notably, the United States does not request a *Daubert* hearing.  The United States acknowledges that the deadline for requesting such a hearing expired on February 1, 2008.  (*See* Doc. # 65) (ordering "that the alternative motion for *Daubert* hearing (Doc. No. 55) is denied with leave to either party to **renew the request** by no later than February 1, 2008") (emphasis added).  The United States asserts that no *Daubert* hearing is necessary as this case is not complicated and does not involve multiple expert witnesses or conflicting medical literature.  *See United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001) ("*Daubert* hearings are not required, but may be helpful in 'complicated cases involving multiple expert witnesses.' . . . A district court should conduct a *Daubert* inquiry when the opposing party's motion for a hearing is supported by 'conflicting medical literature and expert testimony.'") (citations omitted).  The United States contends that due to the deficient nature of the expert summary provided by Defendant, a *Daubert* hearing is not warranted.  In addition, the United States' motion in limine is timely as no previous deadline for such a motion in limine was set by the Court for this March 17, 2008, trial and, generally, motions in limine are due to be filed one week prior to the commencement of a trial term.  (*See* Doc. # 31.)

knowledge but also to testimony based on technical or other specialized knowledge.

*Daubert* requires that when faced with proposed expert testimony, the district court must determine,

> [w]hether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

*Id*. at 592-93. The Supreme Court delineated several factors to consider in making the assessment for the first *Daubert* inquiry: (1) whether the theory or technique "can be (and has been tested)," (2) "whether the theory or technique has been subjected to peer review and publication," (3) whether there is a known or potential error rate in the scientific technique, and (4) whether the theory or technique has achieved general acceptance in the particular scientific community. *Id*. at 593-94. The second inquiry of *Daubert* is the relevance aspect of Rule 702 and has been aptly described as one of "fit." " 'Fit' " is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes." *Daubert*, 509 U.S. at 591.

Even assuming the proffered evidence meets *Daubert's* two prongs, the Supreme Court reiterated that the district court may nonetheless exclude relevant expert evidence pursuant to Fed. R. Evid. 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Daubert*, at 595.

## II. APPLICATION OF *DAUBERT*

The United States contends that Dr. Fulero's expert testimony is due to be excluded because

the proposed testimony fails to satisfy the inquiries of *Daubert*.² The defense's summary of Dr. Fulero's testimony states that "Dr. Fulero will testify about generally accepted theories of memory and the factors that affect eyewitness reliability in the acquisition, retention, and retrieval stages of memory." (Doc. # 88, Ex. 2 at 2.) The defense further submitted that Dr. Fulero will specifically testify "that pursuant to the generally accepted theory of memory in the field of psychology, categorizes [sic] the division of the memory process into three stages: acquisition, retention, and retrieval." (*Id*.) The defense then provided a list of "factors [which] at each state can affect the accuracy of eyewitnesses." (*Id*. at 2-3.)

Addressing the first *Daubert* inquiry, the United States argues that the proffered testimony of Dr. Fulero does not constitute "scientific knowledge." Defendant neither proffered any articles discussing nor provided a brief summary of the research in the field of eyewitness identification to allow the Court to evaluate whether the research constituted "scientific knowledge." Defendant has not proffered any studies or data underlying Dr. Fulero's testimony. Rather, Defendant submitted what appears to be a generic outline of various factors which can affect the accuracy of eyewitnesses. Defendant failed to present any research on this issue which, as the Court stated in a previous conference, is novel to the Court. Because Defendant has not provided the Court with any research underlying Dr. Folero's opinion, the Court cannot assess the credibility of the research underlying Dr. Fulero's testimony, and thus the first prong of *Daubert* is not satisfied. *See United States v. Kime*, 99 F.3d 870, 883 (8th Cir. 1996) (finding that two articles on the topic of eyewitness identification in lineups were "utterly deficient in regard to determining whether [the expert's] views

---

² In its motion in limine, the United States did not address the first prong of *Daubert*. (Doc. # 88.) Due to the Court's request for an explanation as to why the expert's testimony does not comply with *Daubert*, the United States addresses both inquiries of the *Daubert* analysis herein.

constitute 'scientific knowledge' within the meaning of *Daubert*"); *United States v. Rincon*, 28 F.3d 921, 923-25 (9th Cir.) (affirming the district court's exclusion of proffered expert eyewitness identification testimony under *Daubert* and noting that "while the article identified the research on some of the topics, it did not discuss the research in sufficient detail that the district court could determine if the research was scientifically valid"), *cert. denied*, 513 U.S. 1029 (1994); *United States v. Brien*, 59 F.3d 274, 277 (1st Cir. 1995) (affirming the inadmissibility of expert testimony on the reliability of eyewitness identification, noting that the defendant failed to provide data or literature underlying the expert's opinion). Testimony pertaining to "generally accepted theories of memory" is not, on its face, based on scientific knowledge. Otherwise stated, eyewitness identification is not, by is nature, scientific as, say, DNA identification. As discussed by the First Circuit in *Brien*, eyewitness expert testimony

> does not concern a single long-established scientific principle. . . . Rather, [such testimony involves] a set of assertions whose helpfulness and reliability in this case depended on what lay underneath them. To say that eyewitnesses under stress sometimes misidentify tells the jury almost nothing beyond what common sense and argument would supply; almost everything turns on degree, data, comparable conditions, and other specifics.

59 F.3d at 277. Consequently, this Court should find that Dr. Fulero's proffered testimony of "generally accepted theories of memory" is deficient and does not constitute scientific knowledge within the meaning of *Daubert*.

In regard to the second *Daubert* inquiry, the United States contends that Dr. Folero's proposed testimony does not meet *Daubert*'s "fit" requirement. The submission of Dr. Fulero's proffered testimony presents no analysis from Dr. Fulero specifically tailored to this case, no opinion

from Dr. Fulero,[3] and does not discuss the specific facts of this case at all. Hence, Dr. Fulero's testimony will not assist the jury as his proffered testimony will only discuss general problems of eyewitness identification. Such testimony will not aid the jury as problems with eyewitness identification are within the "ordinary knowledge of most lay jurors." *See United States v. Langan*, 263 F.3d 613, 624 (6th Cir. 2001); *United States v. Thevis*, 665 F.2d 616, 641 (5th Cir. Unit B 1982), (superceded by statute on other grounds), *cert. denied*, 459 U.S. 825 (1982).[4]

In *Thevis*, the Eleventh Circuit concluded that the district court did not err in excluding proffered expert testimony about eyewitness reliability because such testimony does not assist the jury. 665 F.2d at 641. The Circuit stated:

> To admit such testimony in effect would permit the proponent's witness to comment on the weight and credibility of opponent's witnesses and open the door to a barrage of marginally relevant psychological evidence. Moreover, we conclude, as did the trial judge, that the problems of perception and memory can be adequately addressed in cross-examination and that the jury can adequately weigh these problems through common-sense evaluation.

*Id*. The Eleventh Circuit reaffirmed this conclusion, post-*Daubert*, in *Smith*, 122 F.3d at 1357-59, wherein the defendant sought to present the testimony of an expert pertaining to similar issues which Defendant seeks to present here. Specifically, in *Smith*, the expert witness in eyewitness identification proposed to testify regarding the certain circumstances, based upon scientific research,

---

[3] Rule 16 (b)(1)(C) of the Federal Rules of Criminal Procedure requires that the expert "summary describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). Here, no description of any opinion from Dr. Fulero was provided by Defendant, thus the United States assumes that Dr. Fulero will solely testify to "generally accepted theories of memory." (Doc. # 88, Ex. 2 at 2.)

[4] In *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit concluded that Unit B panel or en banc court decisions of the former Fifth Circuit are binding precedent in this Circuit.

in which eyewitness identification could be unreliable. 122 F.3d at 1357. The *Smith* expert proposed to testify about "disguise, cross-racial identification, weapons focus, presentation bias in law enforcement lineup, delay between the event and the time of identification, stress, and eyewitness certainty as a predictor of accurate identification." *Id*. at 1357. In *Smith*, the Circuit reached its decision to affirm the exclusion of the expert testimony by referencing its reasoning in *Thevis*. The *Smith* Court noted that: (1) such testimony would permit a witness to comment on the credibility of another witness; (2) the problems of eyewitness identification could be addressed through cross-examination; and (3) a jury could weigh the problems of eyewitness identification through common-sense analysis.[5] *See Smith*, 122 F.3d at 1357-59. Accordingly, in light of Eleventh Circuit precedent[6] and in consideration of Dr. Folero's proposed testimony, this Court should find that the second *Daubert* inquiry is not satisfied as Dr. Folero's testimony would not assist the jury. *See United States v. Hall*, 165 F.3d 1095, 1101-1102 (7th Cir. 1999) (affirming district court's decision that expert eyewitness identification testimony would not assist the trier of fact); *United States v. Dorsey,* 45 F.3d 809, 815 (4th Cir.) ("[E]xpert testimony can be properly excluded if it is introduced merely to cast doubt on the credibility of other eyewitnesses, since the evaluation of a witness' credibility is a determination usually within the jury's exclusive purview."), *cert. denied,* 515 U.S. 1168 (1995).

---

[5] In *Smith*, the Circuit found it unnecessary to decide whether the rule of per se inadmissibility it had applied in pre-*Daubert* cases was consistent with *Daubert*. 122 F.3d at 1358.

[6] *See United States v. Smith*, 148 Fed. Appx. 867, 872-873 (11th Cir. 2005) (affirming exclusion of expert testimony on eyewitness identification on the basis of *Thevis* and *Smith*); *United States v. Smith*, 122 F.3d 1355, 1357 (11th Cir. 1997), *cert. denied*, 522 U.S. 1021 (1997) (and cases cited therein) (trial court did not abuse its discretion in excluding testimony of expert witness who proposed to testify that the eyewitness identification of a robbery suspect could be unreliable due to factors such as disguise, weapon focus, delay, and stress).

Furthermore, the best evidence that Dr. Fulero's testimony would not satisfy *Daubert* standards is a case in which Dr. Fulero's own testimony had been rejected under a *Daubert* analysis. *See, i.e., United States v. Moonda*, 2007 WL 1875861 (N.D. Ohio) (holding that Dr. Fulero's testimony did not adequately "fit" the facts of the case). The United States submits that this case is instructive.

### III. CONCLUSION

Accordingly, based upon the foregoing, the United States requests this Court to rule *in limine* that Dr. Fulero's testimony is not admissible as it does not meet the *Daubert* factors, would not be helpful to the jury, and is unduly prejudicial under Federal Rule of Evidence 403.[7]

Respectfully submitted this the 13th day of March, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY


        /s/ Jerusha T. Adams
        JERUSHA T. ADAMS
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        334-223-7280 phone   334-223-7135 fax
        jerusha.adams@usdoj.gov

---

[7] The United States pretermits argument on exclusion of Dr. Folero's testimony under Federal Rule of Evidence 403 as the argument is set forth in its memorandum of law attached to its motion in limine. (*See* Doc. # 88 at 6-8.)

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-165-MHT |
| | ) | |
| ANDREAS JEJUAN SMITH | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin Butler.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334-223-7280 phone    334-223-7135  fax
jerusha.adams@usdoj.gov