IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )
        v.                  )   CRIMINAL ACTION NO.
                            )     2:07cr165-MHT
ANDREAS JEJUAN SMITH        )


<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>


Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions--what we call your deliberations.


I.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment. You must make your decision

1

only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by public opinion or by either sympathy or prejudice for or against the defendant or the government. Both the defendant and the government expect a fair trial at your hands and that you will carefully and impartially consider this case, without prejudice or sympathy.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

**2**

The indictment or formal charge against any defendant is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or to produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that defendant not guilty.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most

important of your own affairs. If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers have said is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not necessarily be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts

**4**

actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you consider which side called the witness, as well as the demeanor and manner in which the

witness testified, and that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers

it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

A defendant has a right not to testify. If a defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the defendant's testimony. Evidence of a defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the defendant as a witness, and must never be considered as evidence of guilt of the crimes for which the defendant is on trial.

In any criminal case the government must prove, of course, the identity of the defendant as the person who committed the alleged crime. When a witness points out and identifies a defendant as the person who committed a crime, you must first decide, as with any other witness,

**7**

whether that witness is telling the truth.  Then, if you believe the witness was truthful, you must still decide how accurate the identification was.

Again, I suggest that you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question?  What length of time did the witness have to observe the person?  What were the prevailing conditions at that time in terms of visibility or distance and the like?  Had the witness known or observed the person at earlier times?

You may also consider the circumstances surrounding the later identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the witness' identification of the defendant.

After examining all of the testimony and evidence in the case, if you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find him not guilty.

You should not give extra credence to a person's testimony just because of his or her status as a law enforcement officer. You must consider him or her as any other witness. Under the laws of the United States, witnesses, including law enforcement officers, are the same. Feelings of support for law enforcement officers, right or wrong, have no place under our system of justice.

Likewise, when knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## II.

The defendant in this case is Andreas JeJuan Smith. He is charged in a multiple-count indictment, which you

will take to the jury room with you.  The indictment
contains four counts.

<u>Count One: Bank Robbery</u>

Count One of the indictment charges the defendant
with violating Title 18 of the United States Code,
Section 2113(a).

This provision makes it a Federal crime or offense
for anyone to take from the person or presence of someone
else by force and violence or by intimidation any
property or money in the possession of a federally
insured bank.

The defendant can be found guilty of that offense
only if all of the following facts are proved beyond a
reasonable doubt:

<u>First</u>: That the defendant knowingly took from the
person or in the presence of the person described in
the indictment, money or property then in the
possession of a federally insured bank as charged;
and

<u>Second</u>: That the defendant did so by means of force
and violence or by means of intimidation.

**10**

A "federally insured bank" means any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

To take "by means of intimidation" is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm; it is not necessary to prove that the alleged victim was actually frightened, and neither is it necessary to show that the behavior of the defendant was so violent that it was likely to cause terror, panic or hysteria. The essence of the offense is the taking of money or property aided and accompanied by intentionally intimidating behavior on the part of the defendant.

### Count Two: Forcible Assault of a Federal Officer

Count Two charges the defendant with violating Title 18 of the United States Code, Section 111(b). This provision makes it a Federal crime or offense for anyone to forcibly assault a Federal officer using a deadly or dangerous weapon while the officer is engaged in the performance of official duties.

The defendant can be found guilty of the offense of assaulting a Federal officer with a deadly weapon only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That he "forcibly assaulted" the person described in the indictment, as that term is hereafter defined;

<u>Second</u>: That the person assaulted was a Federal officer, as described above, then engaged in the performance of an official duty, as charged;

<u>Third</u>: That the defendant acted knowingly and willfully; and

<u>Fourth</u>: That in so acting the defendant used a deadly or dangerous weapon.

The term "forcible assault" means any willful threat or attempt to inflict serious bodily injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate and serious bodily harm or death even though the threat or attempt is not actually carried out and the victim is not actually injured.

It is not necessary to show that the defendant knew that the person being forcibly assaulted was, at that

time, a Federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a Federal officer acting in the course of performing an official duty and that the defendant willfully committed a forcible assault upon the officer.

On the other hand, the defendant would not be guilty of a willful assault if the evidence leaves you with a reasonable doubt concerning whether the defendant knew the victim to be a Federal officer and that the defendant only acted because of a reasonable, good faith belief that self defense was needed to protect against an assault by a private citizen.

The term "deadly or dangerous weapon" includes any object capable of being readily used by one person to inflict severe bodily injury upon another person; and for such a weapon to have been "used," it must be proved that the defendant not only possessed the weapon, but that he intentionally displayed the weapon in some manner while carrying out the forcible assault.

As stated before, a forcible assault requires a willful threat or attempt to inflict serious bodily injury or death upon someone, and such an assault may be committed even though the threat or attempt to cause such serious injury is not carried out and the intended victim is not actually injured.

<u>Count Three: Carrying a Firearm
During a Crime of Violence</u>

Count Three charges the defendant with violating Title 18 of the United States Code, Section 924(c)(1). This provision makes it a separate Federal crime or offense for anyone to carry a firearm during and in relation to or possess a firearm in furtherance of a crime of violence.

The defendant can be found guilty of that offense as charged in Count Three of the indictment only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That the defendant committed the crime of violence charged in Count Two of the indictment;

<u>Second</u>: That during the commission of that offense the defendant knowingly carried or possessed a firearm, as charged; and

**14**

<u>Third</u>: That the defendant carried the firearm "in relation to" the crime of violence or possessed the firearm "in furtherance of" the crime of violence.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "carry" or "possess" a firearm means that the defendant either had a firearm on or around his person or transported, conveyed or controlled a firearm in such a way that it was available for immediate use if the defendant so desired during the commission of the crime of violence; and to carry a firearm "in relation to" an offense means that there must be a connection between the defendant, the firearm, and the crime of violence so that the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity.

To possess a firearm "in furtherance" of an offense means something more than mere presence of a firearm; it

must be shown that the firearm helped, furthered, promoted or advanced the offense in some way.

The indictment charges that the defendant knowingly carried a firearm during and in relation to a crime of violence and possessed a firearm in furtherance of a crime of violence. It is charged, in other words, that the defendant violated the law as charged in Count Three in two separate ways. It is not necessary, however, for the government to prove that the defendant violated the law in both of those ways. It is sufficient if the government proves, beyond a reasonable doubt, that the defendant knowingly violated the law in either way; but, in that event, you must unanimously agree upon the way in which the defendant committed the violation.

## Count Four: Possession of
## Firearm by a Convicted Felon

Count Four charges the defendant with violating Title 18, United States Code, Section 922(g). That provision makes it a Federal crime or offense for anyone who has

been convicted of a felony offense to possess any firearm in or affecting interstate commerce.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That the defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and

<u>Second</u>: That before the defendant possessed the firearm he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

The term "interstate commerce" includes the movement of a firearm between any place in one state and any place in another state.

It is not necessary for the government to prove that the defendant knew that the firearm had moved in

interstate commerce before he possessed it, only that it had made such movement.

### III.

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

IV.

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty. The defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted, the matter of punishment is for the judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

**19**

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

Verdict forms have been prepared for your convenience.  You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the appropriate verdict

forms, date and sign them, and then you will return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.