IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| V.                                                          ) | CR. No: 2:07cr165-MHT |
| ) | |
| ANDREAS JEJUAN SMITH                   ) | |

**DEFENDANT'S SENTENCING BRIEF**

COMES NOW the Defendant, **ANDREAS JEJUAN SMITH**, by and though undersigned counsel, Kevin L. Butler, and submits the defendant's brief addressing the sentencing issues set forth in this Court's April 18, 2008 order.

On April 2, 2008, a jury convicted Mr. Smith of bank robbery - 18 U.S.C. § 2113(a) - (Count 1) and being a felon in possession of a firearm - 18 U.S.C. § 922(g) - (Count 4). Mr. Smith was acquitted of knowingly using a dangerous weapon to forcibly interfere with U.S. Marshals engaged in their duties - 18 U.S.C. 111(b) - (Count 2) and possessing a firearm in commission of 18 U.S.C. 111(b) - (Count 3). This verdict has presented the court with multiple sentencing issues.

**Issue 1:        Can this Court, in general, consider acquitted conduct.**

It is Mr. Smith's position that, the Due Process Clause, the Sixth Amendment and the Double Jeopardy Clause prevent the use of acquitted conduct at sentencing because,"it perverts our system of justice to allow a defendant to suffer punishment for a criminal charge for which he or she was acquitted." United States v. Brady, 928 F.2d 844, 851 (9th Cir. 1991). Additionally, a compelling argument can made that post-Booker, Congress should abolish the use of acquitted conduct in the imposition of sentences.[1] However, the Eleventh Circuit has held that acquitted conduct can be

---

[1] See *Docking the Tail that Wags the Dog: Why Congress Should Abolish the use of Acquitted Conduct at Sentencing and How Courts Should Treat Acquitted Conduct After* United

considered by the sentencing court. United States v. Faust, 456 F.3d 1342. The defense notes that in her concurring opinion in Faust Justice Barkett wrote:

> I join the majority in affirming Faust's conviction, but concur in its sentencing decision only because I am bound by Circuit precedent. Although United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005), expressly authorized the district court to enhance Faust's sentence for conduct of which a jury found him innocent, I strongly believe this precedent is incorrect, and that sentence enhancements based on acquitted conduct are unconstitutional under the Sixth Amendment, as well as the Due Process Clause of the Fifth Amendment. The Sixth Amendment right to a jury trial is endangered whenever a judge imposes a sentence that is not based solely on "facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 301 (2004).

Faust, 456 F.3d at 1349 (Barkett, J. concurring)

**Issue 2:    Under the specific circumstances presented in this case, can this court consider acquitted conduct?**

In this case, Mr. Smith was acquitted of knowingly using a dangerous weapon to forcibly interfere with U.S. Marshals engage in their duties (Count 2) and possessing a firearm in commission of Count 2 (Count 3). If at sentencing, the government proves by a preponderance of the evidence the defendant engaged in the acquitted conduct, the court can consider the acquitted conduct if the court determines (1) it is relevant to the computation of the sentencing guidelines for an offense of conviction (see U.S.S.G. § 1B1.3) and/or (2) the court determines the acquitted conduct is a factor it deems should be considered in the imposition of sentence (see 18 U.S.C. § 3553). Faust, 456 F.3d at 1347.

**Issue 3:    Should the acquitted conduct be applied? If applied what is the resulting guideline sentence and what should be the appropriate sentence after considering the factors in 18 U.S.C. § 3553?**

---

*States v. Booker*, 20 Regents U.L. Rev. 101 (2007).

Prior to imposing sentence, the court must correctly calculate the guideline sentence. <u>Gall v. United States</u>, 128 S.Ct. 586, 596 (2007). Though the defense believes it violates the Constitution, the Eleventh Circuit has held this guideline calculation must consider acquitted conduct if proven by a preponderance of the evidence and relevant to the offense of conviction. <u>See</u> U.S.S.G. § 1B1.3.

First, it is the defendant's position that the government can not show by a preponderance of the evidence that Mr. Smith committed the acquitted conduct. As was made clear at trial and confirmed by the jury's verdict of not guilty, Mr. Smith did not use the firearm in an attempt to interfere with Marshals. Trial testimony and the jury's verdict made clear that the gun belonged to Jamaal Clark and that on July 20, 2007 Mr. Clark, as was his practice, used/discharged the firearm when he thought unknown individuals were attempting to rob him of the marijuana he was storing at the Jan Street residence.[2] Mr. Hercules Walker, Mr. Smith's girlfriend and Mr. Smith testified that (1) Mr. Smith had never possessed a firearm; (2) the firearm that was allegedly fired belonged to Mr. Clark who was in the residence at the time of the offense, (3) Mr. Clark had been observed in general possession of the firearm and (4) Mr. Clark was always in possession of the firearm when unknown individuals approached the Jan Street residence.

Second, if at sentencing, the court determines the government has proven by a preponderance of the evidence that Mr. Smith committed the acquitted conduct, the acquitted conduct is not relevant to Count 1 - the bank robbery. <u>See</u> U.S.S.G. § 1B1.3. Therefore it can not be used in calculation of the robbery guideline. <u>Id</u>. This point is underscored by the fact the government does not argue the acquitted conduct is relevant to the robbery. <u>See</u> Gov's Brief. (Docket #123)

---

[2] At the time this motion was filed undersigned counsel was not yet in possession of the trial transcripts. The facts contained in this pleading are based upon counsel's trial notes and his recollection of trial testimony.

Third, there is a problem with the jury's verdict that prohibits use of acquitted conduct in connection with the conviction for Count 4. The jury's verdict does not indicate at what time it (the jury) believed Mr. Smith possessed the firearm in violation of 18 U.S.C. § 922(g)(1). At trial multiple people testified that at times other than the shooting at the Marshals, the .40 caliber Smith & Wesson was in plain view and in constructive possession of multiple convicted felons in the residence. In fact the government argued the jury could find the defendant guilty of constructive possession. Therefore, the jury may have convicted Mr. Smith of possessing the firearm based upon his constructive possession of the firearm at a time unrelated to the shooting at the Marshals. This likelihood is supported by the fact the jury found Mr. Smith not guilty of possessing of the firearm at the time of the shooting. If this is so, the acquitted conduct is not related to when the jury actually believed the defendant possessed the firearm. Therefore, it (the acquitted conduct) is not relevant to the offense of conviction. Because the verdict form does not make this clear and the court can not read into (or interpret) the jury verdict, this acquitted conduct can not be applied to the offense of conviction. See, *United States v. Varkonyi*, 611 F.2d 84, 85 (5th Cir. 1980, citing, *United States v. Burns*, 597 F.2d 939, 941 (11th Cir. 1979).

If the court interprets the jury's verdict as meaning Mr. Smith possessed the firearm at the time of the shooting and the government proves by a preponderance of the evidence the defendant committed the acquitted conduct, it is arguable that the acquitted conduct is relevant to the second count of conviction - possession of a firearm by a felon. If the court determines this acquitted conduct is relevant to the felon in possession charge, the government would have to show by a preponderance the facts of this case warrant the application of U.S.S.G. § 2K2.1(b)(6) or U.S.S.G. § 2A2.2 (through cross reference under U.S.S.G. § 2K2.1(c)).

Assuming the court finds either of these guideline sections applicable, undersigned counsel strongly contests the application of U.S.S.G. § 3A1.2(c)(1). All witnesses inside the residence testified they did not know the persons at the door of the residence were law enforcement officers. All witnesses thought they were being robbed. At first, Mr. Smith though it was girlfriend returning to speak with him. Because none of the residence's occupants knew or had reasonable cause to believe persons at the residence door were a law enforcement officers, this enhancement is not applicable.

Whether or not the court considers the acquitted conduct for purposes of computing the guidelines, the guidelines are only advisory. United States v. Booker, 543 U.S. 220 (2005). Fashioning a sentence which reflects acquitted conduct would, "contravene the statutory goal of furthering respect for the law" and result in unjust punishment. 18 U.S.C. § 3553(a)(2)(A); United States v. Ibanga, 454 F. Supp.2d 532 (E.D. Va. 2006).[3]

For the reasons set forth above, it is the defendant's position that the court should accurately calculate the guidelines. Because the acquitted conduct can not be proven by a preponderance of the evidence and can not be shown to be relevant to the offense of conviction (as reflected by the jury's verdict), it can not be used to compute the guidelines and the recommended guideline sentence should not reflect the acquitted conduct. But, if the court determines that acquitted conduct is relevant for an accurate calculation of the guidelines because it contravenes the statutory goal of

---

[3] The district court was reversed in this case. See U.S. v. Ibanga, 2008, WL 895660 (C.A.4 (Va.)). However, the reversal was based upon the district court's failure to even consider acquitted conduct **in its computation of the guidelines**. Had the court correctly considered the acquitted conduct in its guideline calculation and then determine the sentence was not just and contravene statutory goal of furthering respect for the law (i.e. 18 U.S.C. § 3553), the sentence would likely have been upheld. See Gall v. United States, 128 S.Ct. 586 (2007).

furthering respect for the law and results in unjust punishment, then pursuant to 18 U.S.C. § 3553 the sentence that is imposed should only reflect the offenses of conviction.

Dated this 5th day of May, 2008

                                                Respectfully submitted,

                                                s/ Kevin L. Butler
                                                KEVIN L. BUTLER
                                                First Assistant Federal Defender
                                                201 Monroe Street, Suite 407
                                                Montgomery, Alabama 36104
                                                Phone: (334) 834-2099
                                                Fax: (334) 834-0353
                                                E-mail: kevin_butler@fd.org
                                                AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| V. ) | CR. No: 2:07cr165-MHT |
| ) | |
| ANDREAS JEJUAN SMITH ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jerusha Adams, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

        Respectfully submitted,

        s/ Kevin L. Butler
        KEVIN L. BUTLER
        First Assistant Federal Defender
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail: kevin_butler@fd.org
        AZ Bar Code: 014138