IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr165-MHT |
| ANDREAS JEJUAN SMITH | ) | (WO) |

## OPINION AND ORDER

A grand jury indicted defendant Andreas Jejuan Smith on August 15, 2007, charging him with four counts: robbery in violation of 18 U.S.C. § 2113(a); assault upon a federal officer by means of a deadly or dangerous weapon in violation of 18 U.S.C. § 111(b); use and possession of a firearm to assault the officer in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  After his trial, which commenced on March 19, 2008, a jury returned a split verdict; Smith was found guilty of robbery and possession

of a firearm by a convicted felon, and not guilty of the remaining two counts.

Before the court is Smith's motion charging a violation of his speedy-trial rights.  Smith contends that the delay between the date he was indicted and the date his trial began constitutes a violation of the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment.  The motion is due to be denied.

I.

Smith's Speedy Trial Act claim fails for three reasons.  First, the Speedy Trial Act provides, in pertinent part, that, "Failure of the defendant to move for dismissal prior to trial ... shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2).  "[Smith] waived his right to object to any delay preceding the commencement of his first trial because he failed to move for dismissal prior to

the start of that trial."  United States v. Miles, 290 F.3d 1341, 1349 n. 5 (11th Cir. 2002).

Second, while criminal trials must generally commence within 70 days of an indictment or first appearance, whichever comes later, 18 U.S.C. § 3161(c)(1), both Eleventh Circuit precedent and the Act itself make clear that "[d]elay resulting from 'any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion' is automatically excluded in computing the time within which trial must commence." United States v. Beard, 41 F.3d 1486, 1488 (11th Cir. 1995) (citing 18 U.S.C. § 3161(h)(1)(F)).  On October 18, 2007, this court granted Smith unopposed motion to continue, because there was a pending motion to suppress identification and a pending motion to sever.

Third, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest

3

of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. § 3161(h)(8)(B)(iv).

Here, this court granted both Smith's unopposed October 18 continuance motion and a second motion for a continuance orally requested by the government on December 7, 2007, based on findings that the ends of justice served by the continuances outweighed the public's and Smith's best interests. The first continuance was necessary to provide additional time to the parties to consider carefully issues raised in the pending motions to suppress identification and to sever. Similarly, failure to grant the second continuance, the court concluded, would have denied the government the

4

reasonable time necessary for effective preparation. Smith had been tardy in filing both his notice of intent to bring an alibi defense and his notice of intent to call an expert witness on cross-racial identification. Thus, the government needed additional time to investigate fully the alibi defense presented by Smith and to obtain its own expert who could address cross-racial identification prior to trial.

## II.

Smith next asserts that his right to a speedy trial under the Sixth Amendment was violated. "In determining whether a defendant's right to a speedy trial was violated, the following four factors are considered: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972).

"To trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006). Delays longer than one year are presumptively prejudicial. Id. A court need not continue the analysis if the defendant cannot show such a presumptively prejudicial delay. Id. "If after the threshold inquiry is satisfied, and the second and third factors are considered, all three factors weigh heavily against the Government, the defendant need not show actual prejudice (the fourth factor) to succeed in showing a violation of his right to a speedy trial." Id.

Smith was indicted on August 15, 2007, and his trial commenced on March 19, 2008. Because this delay is far short of a year, Smith's claim does not survive the threshold inquiry, and this court, applying Ingram, need not continue its analysis. Nonetheless, even if this

court were to consider the remaining three Barker factors, Smith has not satisfied them.  The delay in this case did not emerge as a result of disregard for Smith's right to a speedy trial.  Rather, as previously outlined, the first delay in this case occurred because the parties' attorneys, including Smith's counsel, needed more time to consider carefully issues raised in a pending motions to suppress identification and to sever.  The second delay occurred because Smith failed to file two notices, his notice of alibi and his notice of intent to call an expert witness, in a timely matter; the government needed time to address Smith's tardy filings.  In addition, Smith did not assert this claim in a timely manner; nor has he identified any prejudice resulting from the delay.  Smith's Sixth Amendment claim is without merit.

***

For the reasons outlined above, it is ORDERED that defendant Andreas Jejuan Smith's motion asserting a

violation of speedy trial rights (Doc. No. 138) is denied.

DONE, this the 4th day of August, 2008.


                                               /s/ Myron H. Thompson
                                          **UNITED STATES DISTRICT JUDGE**